# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| Latisha Ennis, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| Nationwide Recovery Services, Inc., a foreign corporation, and | |
| Medical Data Systems, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, LATISHA ENNIS, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Valdosta, Lowndes County, Georgia.

4. Venue is proper in the Middle District of Georgia, Valdosta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Valdosta, Lowndes County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

   b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

   c. Nationwide Recovery Services, Inc. ("Nationwide Recovery") is a foreign corporation that conducts business in the State of Georgia; and

   d. Medical Data Systems, Inc. ("MDS") is a foreign corporation that conducts business in the State of Georgia.

## **GENERAL ALLEGATIONS**

7. Nationwide Recovery and MDS (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute".

8. Nationwide Recovery is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Trans Union credit file.

9. MDS is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit file.

10. Plaintiff no longer disputes the Errant Tradelines.

11. On April 9, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute."

12. On or about April 30, 2020, Plaintiff submitted a letter to Equifax and Trans Union requesting that the credit bureaus remove the notation of "account in dispute."

13. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

14. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. In response to Plaintiff's dispute, the Furnishers verified to Equifax and Trans Union that its reporting of its Errant Tradelines were accurate.

16. Plaintiff had not received Equifax and Trans Union's investigation results. Therefore, on June 15, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONWIDE RECOVERY

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Trans Union of Plaintiff's consumer dispute of the erroneous notation, Nationwide Recovery negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Nationwide Recovery negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to remove the notation of "accounts in dispute."

21. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradelines.

22. As a direct and proximate cause of Nationwide Recovery's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Nationwide Recovery is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Nationwide Recovery arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Nationwide Recovery for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONWIDE RECOVERY

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Nationwide Recovery willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to remove the notation of "account in dispute."

27. Nationwide Recovery willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Nationwide Recovery's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Nationwide Recovery is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of

punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Nationwide Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MDS

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, MDS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

32. MDS negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the notation of "account in dispute."

33. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such Tradelines.

34. As a direct and proximate cause of MDS' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

35. MDS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

36. Plaintiff has a private right of action to assert claims against MDS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant MDS for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MDS

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, MDS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

39. MDS willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

40. As a direct and proximate cause of MDS willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

41. MDS is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant MDS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

45. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

60. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

65. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

66. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

67. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: July 27, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Latisha Ennis*